# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Joseph Anthony Carpenter, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Don Redmann, Interim Warden of the | ) | |
| North Dakota State Penitentiary, | ) | Case No. 1:13-cv-0153 |
| | ) | |
| Respondent. | ) | |

On April 7, 2014, the court issued an order giving petitioner until May 15, 2014, to file an amended petition or otherwise show cause why his petition should not be dismissed for failure to allege a constitution violation. In so doing, it explained:

> "[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions." Id. at 67-68. A district court may dismiss a habeas petition without serving it on the respondents if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. This appears to be the case here. See Randolph v. Henry, No. 03-CV-5242, 2007 WL 2377143, at * 1 (E.D. Cal. Aug. 21, 2007) (citing Otey v. Hopkins, 5 F.3d 1125, 1130 (8th Cir.1993), for the proposition that § 2254 was inapplicable to a petition asserting only state law violations and that it lacked jurisdictions to consider such claims).
> Consequently, if Carpenter wants to challenge his custodial status here, he must allege a violation of the United States Constitution. For example, if he claims that his counsel was ineffective, he would have to allege a violation of the right to effective assistance of counsel under the Sixth and Fourteenth Amendments. Likewise, if his complaint is something different, he must allege the appropriate provision of the Constitution, such as the Due Process Clause of the Fifth and Fourteenth Amendments.

(Docket No. 11).

On April 23, 2014, the court received correspondence from petitioner wherein he intimated that it was his intent to file an amended petition asserting a claim of ineffective assistance of

1

counsel. The court construes this correspondence as a request for additional time to file the amended petition asserting a claim for ineffective assistance of counsel. The court **GRANTS** petitioner's request and **ORDERS** him to file an amended petition alleging a constitutional violation by May 30, 2014, or otherwise show why his original petition should not be dismissed.

Dated 24th day of April, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court